IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Leicester Bryce Stovell      ) | |
| )| |
| Plaintiff,    ) | |
| v.       ) | Case No.: 1:10-cv-01059-CKK |
| )| |
| Gloria M. James, et al    ) | |
| )| |
| Defendants.   ) | |

**GLORIA AND LEBRON JAMES' OPPOSITION TO PLAINTIFF'S MOTION FOR <u>RELIEF FROM JUDGMENT AND FOR LEAVE TO AMEND THE COMPLAINT</u>**

On September 14, 2011 this Court issued a Memorandum Opinion [18] and Order [17] dismissing Plaintiff Leicester Stovell's Complaint against Gloria and LeBron James, denying Stovell's motion for leave to amend and dismissing this action in its entirety. On October 11, 2011, Stovell filed a Motion for Relief from the September 14, 2011 Judgment and Order of Dismissal and a Motion for Leave to Amend the Complaint [20]. Stovell's Motion for Relief relies solely upon Federal Rule of Civil Procedure 60(b)(6). *See* [20]. Stovell's Motion for Leave to Amend relies solely upon Federal Rule of Civil Procedure 15(a)(2). *See* [20].

The Court should deny both of Stovell's pending motions. Stovell has failed to provide *any* support for his Rule 60(b)(6) motion and he therefore has not come close to establishing the "extraordinary circumstances" required to warrant relief from the final judgment. Stovell's Motion for Leave to Amend requires as a threshold matter that the Court deny his Rule 60(b)(6) motion. Because the Rule 60(b)(6) motion fails, so too must the Rule 15(a)(2) motion. Stovell's Motion for Leave to Amend, moreover, is facially futile.

1

## ARGUMENT

### A.  Legal Standard

A Rule 60(b)(6) motion to relieve a party from a final judgment "is granted in only 'extraordinary circumstances.' " *McManus v. District of* Columbia, 545 F.Supp. 2d 129, 134 (D.D.C. 2008) (citations omitted).  Relief under Rule 60(b)(6) is granted "to avoid manifest injustice where the judgment was obtained by the improper conduct of the party in whose favor it was rendered or the judgment resulted from the excusable default of the party against whom it was directed under circumstances going beyond the earlier clauses of the rule." *American Cetacean Soc. v. Smart*, 673 F. Supp. 1102, 1107 (D.D.C. 1987) (internal citations and quotations omitted).  Rule 60(b) is "sparingly used" and a party cannot avail itself of the rule when it "has not presented known facts helpful to its cause when it had the chance." *McManus*, 545 F. Supp. 2d at 134 (D.D.C. 2008) (internal citations and quotations omitted).

Once a final judgment has been entered, as here, "an amendment to a complaint can only be granted *after* the requisites of Rule … 60(b) have been satisfied." *Harris v. Howard Univ.*, No. 95-1111, 1996 U.S. Dist. LEXIS 21780, at *14-15 (D.D.C. May 23, 1996) (emphasis added). "[D]elay in presenting a post-judgment amendment when the moving party had an opportunity to present the amendment earlier is a valid reason for a district court not to permit an amendment." *Id.* (internal citations and quotations omitted).

### B.  Stovell Fails to Offer *Any* Support for his Rule 60(b)(6) Motion.

Stovell's arguments in support of his motions focus solely on the new facts in his proposed amended complaint, with the exception of this one sentence: "Plaintiff therefore requests that the Court reconsider its Dismissal Order based on these proposed amendments to the Complaint." [20 at 2.]  Stovell has the analytical framework for his motions backwards.  He

is not entitled to the extraordinary relief of Rule 60(b)(6) simply by showing at this belated time that he can state a plausible claim for relief after all. He must first demonstrate he can meet Rule 60(b)(6)'s requirements *before* he may proceed with the merits of his Motion for Leave to Amend. No reading, no matter how generous, of Stovell's Rule 60(b)(6) motion presents a showing that this Court's judgment was obtained by the Defendants' improper conduct or by Stovell's excusable neglect. For this reason alone, Stovell's motions should be denied. The Court need not inquire any further into the substance of Stovell's "new" claims.

      C.     **Stovell's Motion for Leave to Amend is Futile.**

A motion for leave to amend may be denied if the proposed amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile if it could not withstand a motion to dismiss. *Moldea v. New York Times Co.*, 22 F.3d 310, 319 (D.C. Cir. 1994); *see also Polsby v. Thompson*, 201 F. Supp. 45, 52 (D.D.C. 2002). Restating the same facts as the original complaint in different terms is an example of futility. *Childers v. Mineta*, 205 F.R.D. 29, 31 (D.D.C. 2001) (internal quotations and citations omitted).

The Court's September 14, 2011 Memorandum Opinion [18] thoroughly analyzed Stovell's claims, determined they lacked merit, and dismissed them in their entirety. The additional allegations and legal theories that Stovell attempts to inject through his proposed amended pleading do not overcome the legal infirmities that proved fatal to his original Complaint.

          *1.*    *Fraud and Misrepresentation Claims*

Stovell argues that he has now adequately pled reliance and the particularity required by Federal Rule of Civil Procedure Rule 9(b) with regard to his claim that he was fraudulently prevented from learning that he is LeBron James' father. [20 at 2-4.] But Stovell's new

3

allegations once again demonstrate, in the words of this Court, "reaction, not reliance." [18 at 10.]

In a futile attempt to address the Court's determination that he failed to explain how Defendants allegedly falsified the DNA results [18 at 11], Stovell now alleges that LeBron James falsified the DNA results by "personally substituting another's DNA sample for his own, authentic sample, or by personally directing an agent to do so." [20-1 at ¶ 46.] This is rank conjecture, as confirmed by the convoluted mental gyrations that Stovell himself alleges he underwent to himself conclude that this DNA substitution theory was feasible. [20-1 at ¶¶40-42.] Stovell was not present when LeBron James' DNA sample was collected and Stovell alleges no facts that plausibly suggest that either LeBron James or his unidentified "agent" had the ability to tamper with the DNA sample, much less that they did so. "Factual allegations must be enough to raise a right to relief above the speculative level, and 'must contain something more than a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, 235-36 (3d ed. 2004)).  Stovell's new allegations do not add in any material factual fashion to Stovell's original allegations that the paternity test was falsified.

Stovell's apparent attempt to invoke the doctrine of equitable tolling of the statute of limitations is also futile. [20-1 at ¶¶ 59-60, 70, 80-81, 85-86.] The Court has already determined that, "[a]t most, Stovell might have a claim for equitable tolling of the statute of limitations during the period in which he actually believed Gloria James – a period of no more than about five months." [18 at 10.]  But the fact remains – despite Stovell's attempted amendment – that "Stovell never filed any action to try to establish paternity until he filed this lawsuit on June 23, 2010, nearly two and a half years after the statute of limitations passed." [18 at 10-11.]  Stovell's

4

"new" allegations detailing his musings and investigations into the Defendants and their advisors [20-1 at ¶¶ 39-42, 45-46] come nowhere close to excusing his protracted delay in asserting paternity. The Court has already held that "Stovell's failure to file a timely action to establish paternity was caused by his own lack of diligence in pursuing his claim…." [18 at 11.] None of Stovell's additional allegations change this.

### 2. *Breach of Oral Contract*

As the Court held, Stovell's original breach of contract claim failed to allege facts that "suggest that LeBron James intended to be bound or that the parties reached agreement on all material terms" of any alleged oral contract to conduct paternity testing. [18 at 19.] Stovell's proposed amendment fails to overcome these infirmities. Moreover, Stovell still fails to plead facts tending to demonstrate that any alleged contract was breached.

Stovell now alleges that "[t]he parties agreed orally upon all of the essential terms of the contract and no writing was contemplated. The parties had mutual obligations and intended to be bound by these terms." [20-1 at ¶ 90.] This is a legal conclusion couched as a factual allegation and the Court is not bound to accept it as true. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). The only facts that Stovell alleges in support of his claim that a valid contract existed are that he had conversations regarding the DNA test with LeBron James' attorney, who allegedly said that he would oversee the arrangements – which allegation was in his original pleading. [1 at ¶ 29; 20-1 at ¶ 29.] Stovell does not articulate consideration supporting this alleged contract. At best, the alleged arrangement was a unilateral offer, not a contract, and therefore unenforceable. *See, e.g., New Econ. Capital, LLC v. New Mkts. Capital Group*, 881 A.2d 1087, 1094 (D.C. 2005).

Stovell has also, and again, failed to allege facts showing that any breach occurred. Stovell alleges that "Defendant LeBron James breached the binding contract by, inter alia,

5

thereafter intentionally, knowingly, purposefully, willfully, maliciously and in bad faith substituting or authorizing and/or knowingly and/or recklessly aiding and abetting the substitution of his own authentic DNA sample with another for the August 2007 DNA test." [20-1 at ¶ 91.]  This is yet another legal conclusion offered as a factual allegation.  In support of his claim that a contract was breached Stovell offers the same facts offered in his original Complaint:  Stovell had his DNA sample taken by a Ms. Dvorak, Stovell was left alone with his own sample, and Ms. Dvorak took LeBron James' sample among a "raucous" group of professional basketball players.  [20-1 at ¶¶ 30-32.]  As already shown, Stovell's conclusory assertion that he "much later decided . . . [that] the process was susceptible to sample substitution by the Defendants" [20-1 at ¶ 32] is rank speculation and cannot support his claim.

       *3.*     *New Tortious Interference Claim*

Stovell attempts to state a new separate tortious interference with contract claim:  that the Defendants tortiously interfered with his contract with Advantage Health Care and Genetica, Inc.  This claim fails because Stovell does not allege sufficient facts indicating that any breach of contract occurred.  Stovell alleges that "Defendant Gloria James and/or Defendant LeBron James knowingly, willfully and maliciously interfered with Plaintiff's contractual relations with Advantage Health care and Genetica by substituting or authorizing the substitution of Defendant LeBron James's authentic DNA sample another for use in the August DNA test." [20-1 at ¶ 105.]  Not only is this rank speculation that cannot support a cause of action, but Stovell never articulates any contract or contract terms with the testing agency or shows how they were breached.  Additionally, Stovell does not explain why he failed to raise this claim earlier when he had the opportunity to do so—it is based upon the same facts and circumstances as his other claims.  Stovell's proposed amendment should not be permitted as he delayed in presenting this

post-judgment amendment when he had ample opportunity to present it earlier. This delay is further reason for denying the proposed amendment. *See Harris*, 1996 U.S. Dist. LEXIS 21780, at *14-15 (presenting a post-judgment amendment when the moving party could have done so earlier is sufficient reason for denial).

    4.    *Intentional Infliction of Emotional Distress*

Stovell proposes to add an additional claim for intentional infliction of emotional distress, without any showing of new facts after the Court's final judgment. In summary, Stovell now claims that decades after a brief alleged sexual encounter with a minor, and after he made no further attempts to contact her despite suspecting that she was pregnant with his child, Defendants have treated him with "emotional cruelty" by inducing him to believe that he is LeBron James' father. This claim is as ridiculous as it is unseemly.

Stovell now claims that the Defendants "induced" him into believing that he was LeBron James' father. But Stovell has structured all his other allegations and claims in an effort to argue that the Defendants *obscured* Stovell's alleged paternity. More specifically, Stovell alleges elsewhere that he was not identified as the father on LeBron James' birth certificate, that he was never informed of LeBron James' birth, that Gloria James has publicly stated that another man is LeBron James' father, that when Stovell spoke with Gloria James via telephone in July 2007, she informed him that "we have never met", and that Stovell took a DNA test, in which the result was a 0% probability of paternity [20-1 at ¶¶ 18, 20, 27, 34.]

Alternative pleading does not permit a litigant to level blatantly inconsistent factual allegations in an effort to place themselves in a "heads I win, tails you lose" scenario. *See Response Oncology v. MetraHealth Ins. Co.*, 978 F. Supp. 1052, 1058 (S.D. Fla. 1992) (A court "need not accept factual claims that are internally inconsistent"); *see also Oppenheim v. Sterling*,

368 F.2d 516, 519 (10th Cir. 1966) ("[U]nsupported conclusions of the pleader may be disregarded, especially when limited or negated by the substance of the facts pleaded."); *Int'l Bd. of Teamsters Local 734 Health & Welfare Trust Fund v. Phillip Morris, Inc.*, 34 F. Supp. 2d 656, 660 (N.D. Ill. 1998) (a court is not required "to ignore facts set forth in the complaint that undermine the plaintiffs' claims").

Stovell's allegations, moreover, fail as matter of law to state a claim for intentional infliction of emotional distress, which requires the following four elements: (1) the defendant either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) the defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and can be considered utterly intolerable in a civilized community; (3) the defendant's actions were the proximate cause of plaintiff's emotional injury; and (4) the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable man could be expected to endure it. *Davis v. Billow Co. Falls Chapel*, 81 Ohio App. 3d 203, 206 (Ohio Ct. App. 1991) (internal citations and quotations omitted); *see also Askew v. Meridian Imaging Solutions, Inc.*, 601 F. Supp. 2d 173, 177 (D.D.C. 2009).

Stovell's allegations do not depict "extreme and outrageous" conduct that purposely or recklessly caused emotional distress. Stovell alleges that he is in fact LeBron James' father. His claim relies then on his allegation that Defendants "induced" him to believe that he is LeBron James' father. Informing a person of a truthful fact (if Stovell's allegations are taken as true) cannot constitute intentional infliction of emotional distress as a matter of law. *See, e.g., Miniter v. Sun Myung Moon*, 736 F. Supp. 2d 41, 47 (D.D.C. 2010) (collecting cases that dismissed intentional infliction of emotional distress claims because the allegations did not qualify as

sufficiently outrageous conduct). Whatever mental anguish from which Stovell may be suffering is not the doing of Defendants.

## CONCLUSION

Stovell has not offered any support for his Rule 60(b)(6) motion for relief from the Court's September 14, 2011 judgment. No extraordinary circumstances exist that would allow this Court to grant the motion. Even were the Court to evaluate the merits of the proposed amendment, it is futile on its face and should be disallowed for this separate and independent reason. Consequently, Defendants respectfully ask this Court to deny both motions.

Dated: October 25, 2011  Respectfully submitted,

/s/ John A. Burlingame
John A. Burlingame (D.C. Bar No. 455876)
john.burlingame@ssd.com
SQUIRE, SANDERS & DEMPSEY (US) LLP
1200 19th Street, NW, Suite 300
Washington, D.C. 20036
Telephone: (202) 626-6871
Facsimile: (202) 626-6780

Frederick R. Nance (OH 0008988) *(pro hac vice)*
fred.nance@ssd.com
Sarah K. Rathke (OH 0074280) *(pro hac vice)*
sarah.rathke@ssd.com
SQUIRE, SANDERS & DEMPSEY (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114-1304
Telephone: (216) 479-8500
Facsimile: (216) 479-8780

*Counsel for Defendants
Gloria James and LeBron James*