# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

LEICESTER BRYCE STOVELL,

   Plaintiff,

   v.

GLORIA M. JAMES, *et al.*,

   Defendants.

**Civil Action No. 10-1059 (CKK)**

## MEMORANDUM OPINION
(March 29, 2012)

Just two weeks before NBA star LeBron James announced he would be taking his talents to South Beach, Plaintiff Leicester Bryce Stovell[1] filed suit against Lebron James and his mother Gloria James claiming Stovell was LeBron James' father. Compl., ECF No. [1], at ¶ 1. Stovell alleged that in 1984 at the age of 29, he had a one night stand with then-fifteen year old Gloria James, who later revealed she was pregnant with a son whom she intended to name LeBron. *Id.* at ¶¶ 4-13. Plaintiff asserted claims for fraud, defamation, breach of contract, and tortious interference based on what Stovell characterized as a pattern of long-term "concealment of Plaintiff's paternity of Defendant LeBron James," and the Defendants' purported faking of a 2007 DNA test which found Stovell was not in fact LeBron James' father. Before discovery began, the Defendants moved to dismiss the Complaint, and the Court granted the motion on September 14, 2011. Mem. Opin. & Order, ECF Nos. [17, 18]. On October 11, 2011, Plaintiff filed a [20] Rule 60(b)(6) Motion for Relief from the September 14, 2011 Judgment and Order of

---

[1] The Court notes that on the Docket, Mr. Stovell is listed as the "attorney to be noticed" on behalf of the Plaintiff. Although Mr. Stovell is admitted to practice in the District of Columbia, he is considered a *pro se* party for purposes of this litigation.

Dismissal and Rule 15(a)(2) Motion for leave to Amend the Complaint ("Pl.'s Mot.").  Plaintiff subsequently submitted a Third Amended Complaint for the Court's consideration.[2]  Pl.'s Mot. for Leave to Am. the Compl., ECF No. [23].  For the reasons stated below, Plaintiff fails to demonstrate a "reason that justifies relief" pursuant to Federal Rule of Civil Procedure 60(b)(6), and both of Plaintiff's motions are DENIED.

## I. BACKGROUND

The Court detailed at length the factual allegations of the original Complaint in the decision granting Defendants' motion, Mem. Opin. at 2-7, and a repetition of those allegations is not required here.  Rather, a brief overview of the procedural history of this case and the new allegations in Plaintiff's Third Amended Complaint provides sufficient context for resolving Plaintiff's motions.  Defendants moved to dismiss the initial Complaint on August 30, 2010.  Defs.' Mot. to Dismiss, ECF No. [9].  One week after filing his opposition to Defendants' motion, Plaintiff moved for leave to file a First Amended Complaint.  Pl.'s Mot. for Leave to Am. the Compl., ECF No. [14].  The Court denied Plaintiff's motion for leave to file as futile, noting the proposed amendments would not cure the deficiencies in Plaintiff's Complaint.  Mem. Opin. at 20-21.  The Court granted Defendants' motion and dismissed the Complaint with prejudice.  *Id.* at 21.

Broadly speaking, Plaintiff's proposed Third Amended Complaint provides additional allegations purporting to show that (1) the Plaintiff and LeBron James reached an agreement as to the material terms of the August 2007 DNA testing, Compl. ¶¶ 89-90; and (2) Plaintiff relied

---

[2]  Since the proposed Third Amended Complaint makes only minor grammatical changes to the Second Amended Complaint, for the sake of simplicity the Court will refer to the Third Amended Complaint for purposes of resolving both of Plaintiff's motions.

on Gloria James' statements that he was not the father, and did not decide that the DNA test results were fabricated until 2010, Compl. ¶¶ 62, 65, 67-70.  Additionally, Plaintiff omits the prior claims for defamation and adds new claims for tortious interference with Plaintiff's contractual relations with the DNA testing facilities and intentional infliction of emotional distress.  *Id.* at ¶¶ 103-113.

## II.  LEGAL STANDARD

Rule 60(b) dictates the grounds on which a party may move for relief from a final judgment.  Subsections (b)(1)-(5) outline specific bases for relief, including mistake, excusable neglect, newly discovered evidence, and fraud.  Rule 60(b)(6), invoked by the Plaintiff in this case, "permits a court to grant relief from a final judgment for 'any other reason justifying relief,'" which "courts have universally interpreted [] to mean other than the reasons specified in subsections 60(b)(1)–60(b)(5)."  *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc*., 810 F.2d 243, 249 (D.C. Cir. 1987).  Motions under Rule 60(b)(6) should not be granted unless the movant can show "extraordinary circumstances" justifying the reopening of a final judgment. *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1116 (D.C. Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).  In exercising its discretion under Rule 60(b), the Court "must balance the interest in justice with the interest in protecting the finality of judgments."  *Summers v. Howard Univ*., 374 F.3d 1188, 1193 (D.C. Cir. 2004).

## III.  DISCUSSION

Plaintiff's Rule 60(b)(6) motion does not state any grounds for relief from the final judgment, except to say that "the Complaint could be amended in such a way as to remain consistent with its initial allegations, yet conform to the legal requirements set forth in the

Memorandum Opinion."[3]  Pl.'s Mot. at 2.  It was not until his Reply brief that Plaintiff purported

to provide any justification under Rule 60(b)(6).  Plaintiff now contends that relief is warranted

in this case because (1) the statute of limitations would bar a newly filed complaint; (2) there is

no "plausible indication" of "undue delay, bad faith, or dilatory motive;" and (3) Plaintiff has not

repeatedly failed to cure the flaws in his Complaint.  Pl.'s Reply at 1-2.  None of these arguments

are persuasive and the Court declines to exercise its discretion to vacate the final judgment.

Plaintiff contends that the Court should grant relief under Rule 60(b)(6) because the

statute of limitations would bar a new complaint in any jurisdiction where it might be brought.

Even if true, this is not a basis for vacating the final judgment in this case.  The doctrine of

collateral estoppel would likely bar Plaintiff from raising identical claims in any jurisdiction

regardless of the pertinent statute of limitations.  *See Martin v. Dep't of Justice*, 488 F.3d 446,

454 (D.C. Cir. 2007).  The Court dismissed the original Complaint with prejudice having ruled

on the merits, which precludes Plaintiff from bringing another lawsuit.  Plaintiff's inability to file

a new lawsuit does not justify relief from the Court's initial determination and ruling on the

merits of his claims.

Plaintiff further argues that the Court should vacate the final judgment because there is

"no plausible indication" of undue delay, bad faith, or dilatory motive.  Pl.'s Reply at 2.  "To

justify relief under [Rule 60(b)(6)], a party must show 'extraordinary circumstances' suggesting

that the party is faultless in the delay."  *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*,

507 U.S. 380, 393 (1993).  Here, Plaintiff makes no attempt to show he was "faultless" for the

---

[3]  Because Plaintiff fails to state any basis for relief under Rule 60(b)(6), the Court need not detail why the new allegations in the Third Amended Complaint are far from "consistent with" Plaintiff's prior complaints.

delay in including the new allegations.  Plaintiff provides no explanation as to why the new allegations in the proposed Third Amended Complaint could not have been included in Plaintiff's original Complaint or his First Amended Complaint.  Plaintiff does not contend these allegations are newly discovered, or otherwise not previously known to him.  The Court "cannot grant a Rule 60(b) motion merely because the plaintiff failed to present facts helpful to his cause when he had the chance."  *Johnson v. Ashcroft*, 223 F. Supp. 2d 116, 118 (D.D.C. 2002).  Absent any justification for his failure to raise these allegations in his proposed First Amended Complaint, Plaintiff cannot establish "extraordinary circumstances" that justify relief in this case.  *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 71-72 (D.D.C. 2008).  Plaintiff may not have acted with bad faith, but his inexplicable delay in asserting known facts as part of the Complaint is not an "extraordinary circumstance" such that the Court is willing to exercise its discretion and disturb the final judgment in this case.

Finally, Plaintiff argues that relief from the final judgment is warranted in this case because Plaintiff did not repeatedly fail to cure the flaws in his Complaint.  In *Firestone v. Firestone*, 76 F.3d 1205 (D.C. Cir. 1996), the case on which Plaintiff's motion exclusively relies, the plaintiffs requested leave to amend the complaint in the event the Court granted the defendant's motion to dismiss.  *Id.* at 1208.  The United States Court of Appeals for the District of Columbia Circuit faulted the district court for failing to grant the plaintiffs the requested leave to amend without providing any justification for its ruling.  *Id.*  In this case, Plaintiff moved to amend his Complaint after Defendants filed their motion, and after Plaintiff filed his opposition.  The Court denied Plaintiff's request for leave to amend because the amendments proposed by Plaintiff would not cure the deficiencies highlighted by Defendants' motion.  Plaintiff's failure to

adequately amend his Complaint does not mean the Court is required to provide Plaintiff an additional opportunity to amend before dismissing the Complaint with prejudice.  The *Firestone* case certainly does not stand for the proposition that the Plaintiff must be given three bites at the apple before Defendants can be relieved from the burden of defending against a complaint that lacks merit.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff failed to show extraordinary circumstances to justify vacating the final judgment and allowing Plaintiff to file a Third Amended Complaint.  Any effect of the statute of limitations is irrelevant at the point collateral estoppel would bar Plaintiff from refiling this case in any jurisdiction.  Plaintiff offers no excuse for his delay in asserting allegations known to Plaintiff well before the original Complaint was filed.  Finally, Plaintiff was previously given an opportunity to amend his Complaint to no avail, and Circuit precedent does not require the Court to provide Plaintiff with a third opportunity to state a claim for relief.  In its discretion, the Court declines to vacate the final judgment pursuant to Federal Rule of Civil Procedure 60(b)(6).  Therefore, Plaintiff's [20] Rule 60(b)(6) Motion for Relief from the September 14, 2011 Judgment and Order of Dismissal and Rule 15(a)(2) Motion for leave to Amend the Complaint, and [23] Motion for Leave to Amend the Complaint are DENIED.

An appropriate Order accompanies this Memorandum Opinion.

Date:   March 29, 2012

_____/s/_____
**COLLEEN KOLLAR-KOTELLY**
United States District Judge